UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARIA GARCIA LOPEZ, individually
and on behalf of her minor child, MVG

CIVIL ACTION

NO. 22-1040-JWD-RLB

VERSUS

UNITED SPECIALTY INSURANCE
COMPANY, ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Compel Responses to Discovery filed on June 6, 2023. (R. Doc. 33). The Court ordered Defendants to file any opposition on or before June 14, 2023. (R. Doc. 35). Defendants filed an opposition. (R. Doc. 36).

## I.    Background

On or about November 28, 2022, Maria Garcia Lopez, individually and on behalf of her minor child, MVG ("Plaintiff")[1] initiated this personal injury action involving a motor vehicle collision in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants United Specialty Insurance Company, Pierre Exantus, and Tuli & PE Trucking, L.L.C. (collectively, "Defendants"). (R. Doc. 1-1). Defendants, which are all represented by the same counsel, removed the action on December 20, 2022, asserting that an exercise of diversity jurisdiction under 28 U.S.C. § 1332 is proper. (R. Doc. 1).

The Court issued a Scheduling Order requiring all non-expert discovery in this action to be completed by September 29, 2023. (R. Doc. 27).

On March 2, 2023, Plaintiff served separate interrogatories and requests for production on United Specialty Insurance Company (R. Docs. 33-3), Pierre Exantus (R. Doc. 33-4), and Tuli

---

[1] The action on behalf of the minor child MVG has been dismissed without prejudice. (R. Doc. 15).

& PE Trucking, LLC (R. Doc. 33-5). Defendants had 30 days to respond to the written discovery

requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Defendants

did not timely respond. The parties held a discovery conference on May 11, 2023, in which

Plaintiff provided an extension of the deadline to respond to June 2, 2023. (R. Doc. 33-6).

Defendants did not provide a response by the agreed upon extended deadline. (*See* R. Doc. 33-1

at 2).

In light of the foregoing, Plaintiff filed the instant Motion to Compel. (R. Doc. 33). Given

the representations in support of Plaintiff's Motion to Compel (R. Doc. 33), the Court found good

cause under Local Rule 7(f) to require Defendants to file any response to the motion on or before

June 14, 2023. (R. Doc. 35).

On June 14, 2023, Defendants filed an opposition. (R. Doc. 36). The reason provided by

defense counsel for the delay in responding to the discovery was "due to the fact that [defense

counsel] has not been able to make contact with Defendants, Pierre Exantus and/or Tuli & PE

Trucking, LLC, in order to provide complete and accurate responses." (R. Doc. 36 at 1). United

Specialty Insurance Company responded to their interrogatory; however, defense counsel

answered the questions presented in the interrogatories on behalf of Defendants Pierre Exantus

and Tuli & PE Trucking, LLC. "to the best of his ability", and considers the June 6, 2023,

Motion to Compel to be moot. (R. Doc. 36 at 1). Throughout said interrogatories, the defense

counsel repeatedly stated that he was unable to contact Pierre Exantus and/or Tuli & PE

Trucking, LLC, and that they reserve their right to supplement and amend the responses. (R.

Doc. 36-1; R. Doc. 36-3). Additionally, defense counsel stated that he is not in possession of the

documents requested.

II.     **Law and Analysis**

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to written discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Defendants failed to respond to the discovery requests at issue within the times allowed by the Federal Rules of Civil Procedure or otherwise agreed upon by the parties. Accordingly, the Court will grant the Motion to Compel in its entirety.

Defense counsel filed an "opposition" on behalf of United Specialty Insurance Company, but represents that he was unable "to make contact with" defendants Pierre Exantus or Tuli & PE Trucking, LLC. Defense counsel does not explain why his inability "to make contact with" these two defendants resulted in the delayed response of United Specialty Insurance Company.

That defense counsel provided his own discovery "responses" on behalf of Pierre Exantus or Tuli & PE Trucking, LLC in no way renders the instant motion "moot." Interrogatories must be answered by "the party to whom they are directed" and must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(1)(A). Similarly, responses to requests for production must be provided by the "party to whom the request is directed." Fed. R. Civ. P 34(b)(2)(A). Furthermore, all of the written responses and objections (including those provided by United Specialty Insurance Company) are untimely given the deadline agreed upon by the parties.

As Defendants did not make any timely objections to Plaintiff's written discovery requests, the Court finds that Defendants (including United Specialty Insurance Company) have waived their objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Here, Defendants did not submit written responses or objections to Plaintiff's discovery requests within 30 days after they were served or within the extension of time agreed upon by the parties. Accordingly, Defendants have waived all objections to the written discovery requests other than those based on any applicable privilege or immunities.[2]

The Court will also award Plaintiff reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

---

[2] Defense counsel does not explain why his failure to communicate with Pierre Exantus and Tuli & PE Trucking, LLC has any bearing on the untimeliness of the discovery responses and objections provided by United Specialty Insurance Company.

**(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Defendants have not provided any arguments in support of a finding that Plaintiff did not attempt in good faith to obtain the discovery at issue or any circumstances that would make an award of expenses unjust. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Responses to Discovery (R. Doc. 33) is **GRANTED**. Defendants shall provide complete responses to the interrogatories and requests for production at issue, without objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred in bringing their Motion to Compel, and that Defendants shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[3] Defendants and/or counsel shall pay that amount;

(2) If the parties do not agree to a resolution, Plaintiff may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting

---

[3] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.

forth the reasonable amount of costs and attorney's fees (including evidentiary

support) incurred in obtaining this Order; and

(3) Defendant shall, within **7 days** of the filing of Plaintiff's Motion for Fees and Costs,

file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

Signed in Baton Rouge, Louisiana, on June 21, 2023.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**