UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA GARCIA LOPEZ, individually and on behalf of her minor child, MVG** | **CIVIL ACTION** |
| | **NO. 22-1040-JWD-RLB** |
| **VERSUS** | |
| **UNITED SPECIALTY INSURANCE COMPANY, ET AL.** | |

**ORDER**

Before the Court is Pierre Exantus and Tuli & PE Trucking, LLC's ("Defendants") Motion to Compel Independent Medical Examination of Plaintiff (the "Motion"). (R. Doc. 42). Defendants' Motion is opposed. (R. Doc. 57).

**I.    Background**

On November 28, 2022, Maria Garcia Lopez, individually ("Plaintiff") and on behalf of her minor child,[1] initiated this action involving a motor vehicle collision in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants United Specialty Insurance Company, Pierre Exantus, and Tuli & PE Trucking, L.L.C. (R. Doc. 1-1 at I). On December 20, 2022, the action was removed to this court, based on diversity. (R. Doc. 1).

Plaintiff claims damages of past, present, and future pain and suffering, medical expenses, property damage, lost wages, and any damages to be proven at trial. (R. Doc. 1-1 at IX). She claims "she has difficulty walking, . . . intense hip pain, especially while lying down, []lower back and neck pain, . . . headaches and nausea[,] . . . [and] radiating lower back pain." (R. Doc. 42-5 at 10). According to medical records available to this Court, Plaintiff has undergone a lumbar MRI, a lumbar ESI, a lumbar MBB, lumbar facet joint injections, a cervical MBB, and left piriformis, GTB, and IT band injections (R. Doc. 42-6). Defendants assert that

---

[1] The action on behalf of the minor child MVG has been dismissed without prejudice. (R. Doc. 15).

1

Plaintiff has sought treatment from "chiropractors, an orthopedist, a neurologist, and a pain management physician[.]" (R. Doc. 42-1). For example, Plaintiff has seen an interventional pain management doctor, Dr. Tod Aust, and an orthopedist, Dr. Jeffrey Pinto. (R. Docs. 42-1, 57).

As the deadlines for expert reports approaches, Defendants are seeking to have Plaintiff examined by neurosurgeon Dr. Najeeb M. Thomas ("Dr. Thomas") of Southern Brain and Spine. (R. Docs. 42-1, 53). Plaintiff, believing Defendants wish to have her examined by two doctors (either a neurosurgeon and a neurologist or a neurosurgeon and an orthopedist), object that Defendants request would lead to duplicity. (R. Doc. 57). Plaintiff further argues Defendants' proposed order does not align with the specificity Rule 35 requires. (R. Doc. 57). Defendants' proposed order seeks to compel Plaintiff "to appear for an examination by Dr. Najeeb Thomas, a neurosurgeon with Southern Brain and Spine, located at 3798 Veterans Boulevard, Suite 200, Metairie, Louisiana 70002 for a physical examination by Dr. Thomas pursuant to his usual protocol, including a routine physical examination of her person to explore any physical injuries which she may be suffering, and to determine the necessity of any future medical treatment, and/or surgery . . . for approximately one (1) hour on November ___, 2023, or another mutually convenient time depending on Dr. Thomas' schedule." (R. Doc. 53).

## II.   Law and Analysis

### A.   Legal Standards

Fed. R. Civ. P. 35 ("Rule 35") "is the sole discovery rule relating to mental and physical examinations of a party." *Acosta v. Tenneco Oil Co.,* 913 F.2d 205, 210 (5th Cir. 1990). Under Rule 35(a), this court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination (an "IME") by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). Such an order "may be made only on motion for good

2

cause and on notice to all parties and the person to be examined; and . . . must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id*; *see Goodman v. Harris Cnty.,* 571 F.3d 388, 399 (5th Cir. 2009) (citations omitted). However, "[t]he decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993).

Rule 35(a)'s "'in controversy' and 'good cause' requirements demand more than 'mere relevance[;]' [r]ather, they 'require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.'" *Grogan v. Kumar, 873 F.3d 273, 280 (5th Cir. 2017) (citing Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S. Ct. 234, 242–43, 13 L. Ed. 2d 152 (1964).* "'Good cause' requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere." *Dixon v. Greyhound Lines, Inc.,* No. CIV.A. 13-179-JJB, 2014 WL 37284, at *2 (M.D. La. Jan. 6, 2014) (citation omitted). 'Good cause' is also intertwined with the 'in controversy' requirement: "A plaintiff [or defendant] . . . who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf,* 379 U.S. at 119 (citations omitted).

When it is determined that the 'in controversy' and 'good cause' requirements of Rule 35(a) are met and a motion for Rule 35 order is granted, a court's order regarding the subject IME "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35. Local Rule 35 helps courts in the Middle District of Louisianian easily comply with Rule 35 by requiring a party moving for an

3

IME to provide "[1] Whether a personal and/or medical history will be obtained; [2] Whether a physical examination will be undertaken; [3] A description of the written, verbal-administered and/or physical tests to be performed, both invasive and non-invasive; [4] The identities of any persons administering and/or interpretating the test results, if different from the person identified in the motion; and [5] The anticipated duration of the examination." Local Rule 35.

**B.    Analysis**

This Court may grant the subject Motion if Defendants affirmatively show "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering [such] examination.'" *Grogan,* 873 F.3d at 280  (citation omitted). 'Good cause' is intertwined with the 'in controversy' requirement so much so that "[a] plaintiff . . . who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf,* 379 U.S. at 119 (citations omitted).

Throughout the Motion, Defendants demonstrate that Plaintiff has put her physical health in controversy, specifically her head and the cervical and lumbar areas of her spine, including pain, numbness, and tingling radiating therefrom. (R. Doc. 42-1). Defendants point out that Plaintiff complains of pain in her hips, back, neck, and head, citing to Plaintiff's own response to an interrogatory (R. Docs. 42-1, 42-5 at 10). Among others, Plaintiff has seen a pain management doctor, Dr. Tod Aust, and  an orthopedist, Dr. Jeffrey Pinto. (R. Docs. 42-1, 57). From the above, and medical records available to this Court, it is clear Plaintiff has at the very least put her back, neck, hip, head, and nerve pain in controversy. (R. Docs. 42-1, 42-6, 57). Plaintiff and Defendants appear to agree on this; the difficulty is that Defendants want a neurosurgeon to examine Plaintiff.

Plaintiff is concerned Defendants are seeking to have Plaintiff examined by two doctors, either a neurosurgeon and a neurologist or a neurosurgeon and an orthopedist, with Dr. Thomas reporting on "Plaintiff's brain injury[.]" (R. Doc. 57). This Court does not share these concerns as Defendants "have no intention of asking [Plaintiff] to see an orthopedic surgeon *and* a neurosurgeon[,]" and Plaintiff has put her head pain in controversy. (R. Docs. 42, 42-1). Also, Plaintiff has already asked defendants if they would be "willing to agree that Dr. Thomas would be the Rule 35 Examiner of choice to examine [Plaintiff] as to *both* her spinal injuries and her brain injury[.]" (R. Doc. 57-1) (emphasis added). Because it appears Plaintiff has no issue with Plaintiff's spinal and brain injuries being examined, and it is clear these injuries are in controversy, this Court concludes there is good cause for Plaintiff to be examined by Dr. Thomas. Dr. Thomas has experience in assessing neck and back injuries[2] and the Court will not limit the scope of Dr. Thomas' examination as long as it pertains to the injuries noted above.

As for the extent of Dr. Thomas' examination, however, Defendants note only that Dr. Thomas will conduct "a routine physical examination[,]" of Plaintiff in November 2023 for an hour at 3798 Veterans Boulevard, Suite 200, Metairie, Louisiana 70002. (R. Doc. 53). Defendants thus fail to comply with sections one and three of Local Rule 35: Defendants must provide "[1] Whether a personal and/or medical history will be obtained; [and] [3] A description

---

[2] *Burch v. SMG, Schindler Elevator Corp.,* 2014-1356 (La. App. 4 Cir. 4/7/16), 191 So. 3d 652, 670, *writ denied,* 2016-0807 (La. 6/17/16), 192 So. 3d 767 (A plaintiff saw Dr. Thomas for back pain.); *Mendez v. Transit Mgmt. of Se. Louisiana, Inc.,* 21-228 (La. App. 5 Cir. 12/22/21), 335 So. 3d 387, 390–91 (Dr. Thomas assessed the cause of neck pain.); *Ranzino v. Our Lady of the Lake Reg'l Med. Ctr.,* 2013-1684 (La. App. 1 Cir. 6/18/14), 147 So. 3d 765, 768, *writ denied,* 2014-1540 (La. 10/24/14), 151 So. 3d 607 (Dr. Thomas assessed whether an accident caused a plaintiff's need for back surgery.); *Becnel v. Desmond,* 2014-0962 (La. App. 4 Cir. 4/1/15) (Dr. Thomas concluded an accident caused a plaintiff's neck injuries.); *Lemoine v. Mike Munna, L.L.C.,* 2013-2187 (La. App. 1 Cir. 6/6/14), 148 So. 3d 205, 209 (Dr. Thomas performed "a posterior cervical laminectomy and foraminotomy[.]").

5

of the . . . tests to be performed, both invasive and non-invasive[.]" Without this required information, the Court will not compel or otherwise order a Rule 35 examination.

However, based on Defendants' description of the exam as "a routine physical examination[,]" this Court assumes Defendants propose no invasive or otherwise extensive testing. (R. Doc. 53). The Court likewise assumes that Dr. Thomas would seek to obtain any of Plaintiff's medical history he deems necessary for his examination.

Defendants shall provide the information required by local rule 35 and again seek an agreed upon date for the IME by Dr. Thomas. The Court expects the parties to resolve this without further court involvement. Should the parties remain unable to reach an agreement, a new motion shall be filed consistent with this order.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that, due to insufficient information before the Court, the Defendants' Motion is **DENIED** with leave to refile. It is the Court's intention, however, that this Order provide enough guidance so that further motion practice is unnecessary.[3]

Signed in Baton Rouge, Louisiana, on October 23, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Any refiled motion may seek that the Court order a Rule 35 examination by Dr. Najeeb Thomas, a neurosurgeon with Southern Brain and Spine, located at 3798 Veterans Boulevard, Suite 200, Metairie, Louisiana 70002 solely for a physical examination by Dr. Thomas, including a routine physical examination of her person and any necessary nonobtrusive imaging, to explore any physical injuries which she may be suffering, and to determine the necessity of any future medical treatment, and/or surgery. Dr. Thomas may obtain any of Plaintiff's medical history he deems necessary for his examination. The examination will be conducted for approximately one (1) hour on November 6, 2023, or another mutually convenient time depending on Dr. Thomas' and Plaintiff's schedule.