## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MARIA GARCIA LOPEZ, individually**　　　　　　　　**CIVIL ACTION**
**and on behalf of her minor child, MVG**

**NO. 22-1040-JWD-RLB**

**VERSUS**

**UNITED SPECIALTY INSURANCE**
**COMPANY, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Compel Responses to Interrogatories and

Request for Production of Documents filed on September 27, 2023. (R. Doc. 50). The deadline

for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.     Background**

On November 28, 2022, Maria Garcia Lopez, individually ("Plaintiff") and on behalf of

her minor child,[1] initiated this action involving a motor vehicle collision in the 19th Judicial

District Court, East Baton Rouge Parish, Louisiana, naming as defendants United Specialty

Insurance Company ("United"), Pierre Exantus, and Tuli & PE Trucking, L.L.C. (R. Doc. 1-1 at

I). On December 20, 2022, the action was removed to this court, based on diversity. (R. Doc. 1).

On March 2, 2023, Plaintiff served Interrogatories and Requests for Production on

United. (R. Doc. 50-4). After United failed to provide any responses, Plaintiff filed a Motion to

Compel to obtain responses. (R. Doc. 33). The Court granted the Motion to Compel, ordered

responses provided (without objection other than those pertaining to privileges or immunities) by

June 27, 2023, and awarded Plaintiff reasonable attorney's fees and costs incurred in bringing the

motion. (R. Doc. 37).

---

[1] The action on behalf of the minor child MVG has been dismissed without prejudice. (R. Doc. 15).

The record indicates that United provided responses on June 26, 2023. (R. Doc. 50-5; *see* R. Doc. 50-1 at 2). United's original counsel withdrew from the action and was replaced by substitute counsel of record. (R. Doc. 41). After new counsel enrolled on behalf of United, Plaintiff requested a Rule 37(a)(1) conference to be held on September 5, 2023 to address certain deficiencies with respect to the responses to Interrogatory Nos. 5, 8, 16-17 and Requests for Production 5, 18, 22, and 23. (R. Doc. 50-6).

On September 5, 2023, counsel for the parties held the conference as scheduled, with United (now represented by new counsel) agreeing to supplement and amend its responses to Interrogatory Nos. 5, 8, 16-17 and Requests for Production 5, 18, 22, and 23 by September 26, 2023. (R. Doc. 50-7). United did not, however, provide any supplemental or amended responses by that date.

On September 27, 2023, Plaintiff filed the instant Motion to Compel. (R. Doc. 50).

In accordance with Local Rule 7(f), the Court provided United with 21 days to file any opposition to the instant Motion to Compel. United failed to submit any filing within that timeframe explaining why they did not supplement and amend their responses as agreed upon by the parties. The instant Motion to Compel, therefore, is unopposed. *See* LR 7(f).

## II.     Law and Analysis

### A.     Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

2

scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to written discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B. Local Rule 37

As an initial matter, the Court notes that Plaintiff did not "quote verbatim" each interrogatory and request for production at issue, "followed immediately by the verbatim response or objection which provided thereto" as required by Local Rule 37. While failure to comply with this local rule subjects a motion to compel to possible denial, the record is clear that Plaintiff is seeking an order requiring United to provide supplemental and amended responses to Interrogatory Nos. 5, 8, 16-17 and Requests for Production 5, 18, 22, and 23. (*See* R. Doc. 50-1 at 2-3).

This is Plaintiff's second motion to compel filed for the purposes of obtaining complete responses to these discovery requests. Given the record, including United's failure to file any

response, the Court will consider the merits of the instant motion notwithstanding Plaintiff's failure to comply with Local Rule 37.

### C.    Individual Discovery Requests

Having considered the arguments set forth by Plaintiff, the Court will require United to supplement or amend their responses as follows:

Interrogatory No. 5. This interrogatory seeks the identification of, and related information for, any insurance policy known by United "under which any insurance business may be liable to satisfy a part or all of the judgment that may be entered in this action. . . ." (R. Doc. 50-4 at 3). In response, United only identified a single insurance policy that it issued. (R. Doc. 50-5 at 3). Plaintiff now seeks a ruling requiring United to "supplement its response and state definitely whether or not that was the sole policy issued to an insured in this matter" and to disclose any additional policies identified. (R. Doc. 50-1 at 2).

United's response leaves it unclear whether it has knowledge of any additional policies. United must verify whether the policy identified in its response is the only responsive policy known to it. If not, United must provide the relevant policy information for any other known responsive policies.

Interrogatory No. 8. This interrogatory seeks information regarding whether "any person on behalf of defendant has attempted to access any of plaintiff's social media accounts." (R. Doc. 50-4 at 3). In response, United raised objections based on attorney-client privilege or work product doctrine, adding that "any social media reports, if any, which might exist as to Plaintiff are privileged at this time but will be produced in connection with any discovery scheduling order ordered by the court or voluntarily entered into by the parties and/or in accordance with the and jurisprudence." (R. Doc. 50-5 at 5).

4

Plaintiff states that her counsel clarified at the conference that the interrogatory was seeking a response as to whether United had any "screenshots" or "screengrabs" taken of Plaintiff's social media accounts, or otherwise downloaded or recorded videos from any of Plaintiff's social media accounts. (R. Doc. 50-1 at 2). The Court will require United to identify whether any such social media information was obtained by United. Given that Plaintiff has changed the scope of this interrogatory, the Court will not require United to provide all information sought in the interrogatory as originally stated, including the names, addresses, and telephone numbers of the individuals who attempted to access the social media accounts. Instead, if United has possession, custody or control of any "screenshots" or "screengrabs" taken of Plaintiff's social media accounts, or otherwise downloaded or recorded videos from any of Plaintiff's social media accounts, it must identify the information obtained and when it was obtained. To the extent United maintains its assertions of privilege or work product protection, then it must provide a privilege log consistent with Federal Rule 26(b)(5) and Local Rule 26(c).

Interrogatory Nos. 16-17 and Request for Production No. 5. These discovery requests collectively seek the identity of anyone who has conducted surveillance on Plaintiff regarding this lawsuit, and the dates and times upon which any such surveillance was conducted. (R. Docs. 50-4 at 5-6). In response, United raised objections based on attorney-client privilege or work product doctrine, adding that "any surveillance reports, if any, which might exist as to Plaintiff are privileged at this time but will be produced in connection with any discovery scheduling order ordered by the court or voluntarily entered into by the parties and/or in accordance with the and jurisprudence." (R. Doc. 50-5 at 9, 11).

Plaintiff states that she requested supplementation of these interrogatories because she was deposed on August 24, 2023. (R. Doc. 50-1 at 2). The timing of Plaintiff's deposition has no bearing on the discoverability of the information sought. *See Grubbs v. Winn Dixie Properties,*

*LLC*, No. 15-182, 2015 WL 3892555, at *2 (E.D. La. June 17, 2015) ("Civil discovery is not a

game of ambush."). Regardless, the requested information and production of surveillance video

and photographs must be provided to the extent they contain substantive evidence, regardless of

the impeachment value. *Chargois v. United Rentals, Inc.*, No. 19-110, 2020WL 1880777, at *3

(M.D. La. Apr. 15, 2020) (citing *Chiasson v. Zapata Gulf Marine Corp*., 988 F.2d 513, 517-18

(5th Cir. 1993) (concluding that surveillance tape that did not necessarily impeach plaintiff's

testimony regarding her injuries was at least in part substantive, and should have been disclosed

prior to trial)).

The Court will require United to supplement, in full, its responses to Interrogatory Nos.

16-17 and Request for Production No. 5, including the production of any surveillance videos and

photographs. To the extent United maintains its assertions of privilege or work product

protection, then it must provide a privilege log consistent with Federal Rule 26(b)(5) and Local

Rule 26(c) with respect to withheld responsive information.

Request for Production Nos. 18 and 22. These requests for production collectively seek

the production of "all recorded statements of Plaintiff" and "any and all photographs of Plaintiff"

that have been obtained by United from any source. (R. Doc. 50-4 at 8). In response, United

stated that it was "not in possession of any information responsive" to these requests. (R. Doc.

50-5 at 15).

The Court will require United to clarify whether, at this time, it is in the possession,

custody, or control of any recorded statements or photographs of Plaintiff, from any source. To

the extent it responds in the affirmative, United must produce those recorded statements or

photographs without further objection.

Request for Production No. 23. This request for production seeks "any and all claims file

material, memoranda, notes, documents of any kind, statement[s], photographs and/or physical

things . . . produced or supplied by the Plaintiff to the claims adjuster regarding this accident."

(R. Doc. 50-4 at 8). United responded that it is "not in possession of any information responsive

to this request." (R. Doc. 50-5 at 16).

The foregoing response is inconsistent with the response to Interrogatory No. 9, which

states that Superior Risk Management was provided a written claims report by Plaintiff. (*See* R.

Doc. 50-5 at 6). The Court will require United to clarify whether, at this time, it is in the

possession, custody, or control of documents responsive to this request. To the extent it responds

in the affirmative, United must produce those recorded statements or photographs without further

objection.

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Responses to Discovery (R. Doc.

50) is **GRANTED IN PART and DENIED IN PART** as described in the body of this Order.

United shall provide supplemental or amended responses to Interrogatory Nos. 5, 8, 16-17 and

Requests for Production Nos. 5, 18, 22, and 23, including any required productions, within **7**

**days** of the docketing of this Order.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on October 23, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**